UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOLFDOG MEDICAL SUPPLIER LLC,<br><br>Plaintiff,<br><br>v.<br><br>GREATER DOMINION SUPPLIES LLC, AND ROBERT SHINE AND NICHOLAS VOULGARIS,<br><br>Defendants. | Case No.:  22mc1167<br><br>**ORDER DENYING MOTION FOR WRIT OF BODY ATTACHMENT TO ENFORCE PENNSYLVANIA CONTEMPT ORDERS AND TO COMPEL DISCOVERY** |

On November 9, 2020, Plaintiff Wolfdog Medical Supplier LLC filed a Complaint against Defendants Greater Dominion Supplies LLC, Robert Shine and Nicholas Voulgaris in the United States District Court for the Eastern District of Pennsylvania alleging claims for fraud in the inducement, fraud, breach of contract, unjust enrichment/quantum meruit, and "pierce the corporate veil." *See Wolfdog Medical Suppliers LLC v. Greater Dominion Supplies LLC*, Case No. 20cv5589-PD, United States District Court for the Eastern District of Pennsylvania, ECF No. 1 (alleging state claims only and invoking subject matter jurisdiction in the Eastern District of Pennsylvania based on diversity of citizenship).  On August 18, 2021, that Court entered final judgment in the amount of $145,549.38 in favor of Plaintiff and against Defendants, individually, jointly and severally.  *Id.*, ECF No. 27. Plaintiff registered that judgment in this Court on August 12, 2022.

In February 2023, in an attempt to collect on the judgment, Plaintiff filed in the Pennsylvania district court a motion to compel discovery from Defendants. *Id.*, ECF No. 29. When Defendants failed to respond, Plaintiff filed a motion for contempt and for sanctions. *Id.*, ECF No. 31. The Pennsylvania district court granted that motion on July 25, 2023, issued a bench warrant for Defendants Shine and Voulgaris, and imposed a fine of $250 per day against each of them "until each shall cure their contempt of the February 8, 2023 Order." *Id.*, ECF No. 32.

In October 2023, Plaintiff sought out the assistance of the United States Marshals Service ("USMS"), apparently the Pennsylvania office, in executing the bench warrant. Because Defendants Shine and Voulgaris reside in this District, the Pennsylvania Marshal's office reached out to the San Diego office for assistance. According to emails, the San Diego USMS declined to serve the out-of-district warrant, and said an in-district warrant was required.

In an attempt to get that in-district warrant, Plaintiff filed the present motion for writ of body attachment. The legal basis for the motion is Federal Rule of Civil Procedure 69(a), which states:

> A money judgment is enforced by a writ of execution unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a). Here, Plaintiff does not explain how its present request is in "accord" with California's procedures for executing on a monetary judgment.

Plaintiff's request that this Court issue a bench warrant as a means of enforcing the Eastern District of Pennsylvania's contempt order appears to be governed by Federal Rule of Civil Procedure 4.1(b), which provides:

> An order committing a person for civil contempt of a decree or injunction issued to enforce *federal* law may be served and enforced in any district. Any other order in a civil-contempt proceeding may be served only in the state

where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued.

Fed. R. Civ. P. 4.1(b) (emphasis added). Here, Plaintiff's complaint did not allege any claims based on federal law, therefore the provision for nationwide service of the bench warrant does not apply. Instead, the second sentence of Rule 4.1(b) applies, and it allows for service of the bench warrant "only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued." Fed. R. Civ. P. 4.1(b). In this case, the issuing court is the Eastern District of Pennsylvania, which would allow for service only in Pennsylvania and within 100 miles of the Eastern District of Pennsylvania courthouse. This District is obviously outside of those boundaries, which precludes service of the warrant here.[1]

The Court is sympathetic to Plaintiff's request for a writ of body attachment (bench warrant) as to Defendants to enforce its Eastern District of Pennsylvania contempt order, but is unclear whether this Court has authority to issue such a warrant under the present circumstances. For these reasons, Plaintiff's motion for a writ of body attachment is denied without prejudice to Plaintiff pursuing appropriate debt collection relief in this Court and thereafter seeking sanctions, including contempt of court, in the event Defendants fail to comply.

**IT IS SO ORDERED**.

Dated: May 28, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] Although Rule 4.1(b) is not mentioned in the U.S. Marshals' emails, it appears to be the basis for the San Diego office's refusal to serve the out-of-district warrant. (*See* Mot., Ex. G.)